(No. 76-766—)

ANN ELIZABETH SCOFIELD, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1977.*

MATTHEW P. CICERO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES O. STOLA, Assistant Attorney General, for Respondent.

SPIVACK, J.

Claimant seeks to recover damages for personal injuries sustained as a result of a fall from a bicycle at Lake Le Aqua Na State Park, Lena, Illinois.

A full hearing was conducted before Commissioner John P. Simpson, who heard the testimony of Claimant, received the evidence depositions of two witnesses, and admitted into evidence 11 exhibits. The Commissioner has duly filed his report, together with the transcripts and exhibits which are, together with the briefs and arguments of the parties, now before the Court.

A brief summary of the facts determined at the proceedings before the Commissioner is as follows:

On June 13, 1975, Claimant and members of her family were camping at Lake Le Aqua Na State Park. At about 10:30 a.m., Claimant and her two young daughters rode their bicycles from the camp site to a concession stand. The road in part went down one hill and immediately up another. The day was clear and visibility was good. Claimant was riding a three-speed bicycle, with handbrakes, in good mechanical condition. Claimant and her children completed the trip to the concession stand without incident but on the way back to the camp site, at the foot of the hill leading from the concession stand, Claimant drove into a chuckhole in the road, was thrown from her bike, and injured. She lost 272 hours of work from the accident and sustained

sizeable medical expenses, but apparently has recovered in full from her injuries.

Claimant testified as follows:

We were headed back to the campgrounds, as I said, and the girls were in front. . . . We had started down a fairly steep hill, and when I got to the bottom there was a big chuckhole, and I didn't see it very far ahead before it was right there. And I slammed on the brake and skidded, and the next thing I knew I was conscious with my head on the pavement, and I could hear Dianne my youngest daughter crying by my feet. . . .

The chuckhole was a jagged three foot hole, irregular in shape and one inch deep. It was patched by 4:30 p.m. of the same day.

Claimant testified additionally that you could see a long distance, that it was a clear day, but she didn't see the hole until she was two or three feet from it. She admitted that in a prior deposition she had testified that she was roughly a foot or so from the hole when she saw it, and that she could have seen far ahead had she been looking.

She further testified that she was not going fast, because the hill was steep and she didn't want to go too fast.

At the time of the accident, the family's small dog was riding in the small basket attached to the front of Claimant's bicycle.

Donald R. Strohecker, a park worker, in his evidence deposition, testified that following the accident Claimant stated in his presence that when she hit the chuckhole, the dog started to bounce out of the basket, and when she tried to catch the dog, she lost control of her bicycle and fell off.

Mrs. Susan Eisenhower, an independent witness, in her evidence deposition, testified that following the accident, Claimant stated that they (the family) had gone

for ice cream and that they were going back; that she had the dog in the basket and that he was fussing going down that steep hill; that she was more or less paying attention to it (the dog) and that is all she remembered.

In order for the Claimant to sustain the burden of proof entitling her to recovery, she must show by a preponderance of the evidence that (i) she was free from contributory negligence, (ii) that the State was negligent, (iii) that the negligence was the proximate cause of the occurrence from which her injuries naturally and proximately flowed.

In directing our attention to Claimant's first burden of proof, i.e., her duty to show due care for her own safety, we are mindful of at least three cases which have been before us on almost identical facts and where we have held that failure to observe a chuckhole which was clearly visible for a reasonable distance was contributory negligence.

In *McAbee v. State of Illinois,* 24 Ill.Ct.Cl. 374, this Court held that the Claimant therein who was riding a bicycle on a clear day when the pavement was dry and with no obstructions to bar visibility was contributorily negligent in not seeing a hole in the street.

In *Schnell v. State of Illinois,* 24 Ill.Ct.Cl. 257, Claimant, riding a motorcycle, failed to notice a hole near the center line of the highway. She had been riding in a group with four other motorcyclists.

The Court held:

Two other riders in the same party had passed the hole without difficulty and one who had apparently been riding in about the same position as Mrs. Schnell had noticed the hole and avoided it. We can only conclude that had Claimant been reasonably alert and observant she could have avoided this unfortunate incident. *Schnell v. State of Illinois,* 24 Ill.Ct.Cl. 257, 260.

In *Alm vs. State of Illinois,* No. 5268, the Claimant was a minor, riding his bicycle along a three foot me-

dian strip in a highway, when he struck an unmarked hole approximately three inches deep and two feet long which caused him to be thrown immediately in front of an oncoming car.

This Court held:

> The accident in question occurred during the daylight hours, and the hole in the median strip should have been readily visible to the Claimant riding his bicycle. Had the Claimant been reasonably alert and observant he should have seen the hole and been able to avoid the accident. *Alm vs. State of Illinois,* No. 5268.

It is to be noted that Mrs. Scofield's two daughters, riding their bicycles immediately ahead of their mother, each avoided the hole. It is also to be noted that Mrs. Scofield had passed the same spot shortly before the accident on her way to the concession stand. While it is true that on the trip to the concession stand she was riding on the opposite side of the road, nevertheless the hole was relatively in the middle of the road and was visible from both directions.

It is the finding of the Court from the evidence in the record that Claimant has not sustained her burden of proof that she was in the exercise of due care for her own safety. On the contrary, the manifest weight of the evidence is that she was contributorily negligent.

In view of our foregoing opinion, it is not necessary to consider whether the State was negligent in allowing the chuckhole to be present, whether the State had knowledge, express or implied, of the existence of the hole, and like questions.

The claim of Ann Elizabeth Scofield is denied.